| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE |
|---|---|

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFF'S MOTION TO REMAND [9]**

On October 30, 2017, Plaintiff Edica Paz moved to remand the action to state court ("Motion") in light of Defendant Wal-Mart Stores, Inc.'s ("Wal-Mart") alleged untimely notice of removal. [Doc. # 9.]

"[S]ection 1446(b) [of Title 28 of the U.S. Code] identifies two [30]-day periods for removing a case." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). Where the complaint's removability is clear from the face of the "initial pleading," the first 30-day removal period is triggered. *Id.*; *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) ("To avoid saddling defendants with the burden of investigating jurisdictional facts, we have held that 'the ground for removal must be revealed affirmatively in the initial pleading in order for the first [30]-day clock under § 1446(b) to begin." (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005))). Where the initial pleading does not reveal a basis for removal, a defendant has 30 days from the date he receives a document "from which it can be ascertained . . . that removal is proper" to remove the action to federal court. *Harris*, 425 F.3d at 693 (9th Cir. 2005) (citing 28 U.S.C. § 1446(b) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.")).

Here, Plaintiff filed suit in Ventura County Superior Court on June 7, 2017, alleging premises liability in connection with a slip-and-fall that occurred in August 2015 while Plaintiff was shopping at one of Defendant's stores in Oxnard, California. Ex. 1 ("Complaint") to Notice of Removal ("NOR") [Doc. #1]. The Complaint does not allege Plaintiff's residence, domicile, citizenship, or any other facts that indicate her California citizenship. *See id.*; Motion at 3. Thus, the first 30-day period was not triggered upon the filing and service of the Complaint.

On September 21, 2017, Plaintiff responded to Defendant's written discovery requests. Ex. 4 to Complaint [Doc. # 1]. In her responses to requests for admission ("RFA"), Plaintiff admitted that, at the time of the incident and at the time of the response, was a California citizen. *Id.* at RFA Nos. 19–20. Defendant, a citizen of Delaware and Arkansas, learned at that time, for the first time, that there was complete diversity of citizenship between the parties. Suba Decl. at ¶¶ 8–10 [Doc. # 1-1]. Plaintiff's RFA responses thus triggered the second 30-day removal period. Defendant removed the action to this Court on October 20, 2017. [Doc. # 1.] The October removal was therefore timely.

Plaintiff contends that the removal was untimely despite the Complaint's lack of information about her citizenship. She points to two facts in the Complaint that should have triggered the first 30-day removal period: (1) the Complaint's allegation that Plaintiff was physically in California when the incident giving rise to the action occurred; and (2) Plaintiff's California counsel filed suit nearly two years after the incident. Neither of these facts make Plaintiff's California citizenship, and therefore the Complaint's removability, ascertainable so as to trigger the first 30-day removal period.

Plaintiff also points to three cases in support, but none support remand. In *Kuhn v. Brunswick Corp.*, the District Court for the Northern District of Georgia explained that "[w]hen the initial pleading provides at least a clue as to the plaintiff's citizenship, the burden is on the defendant to file the petition for removal within [30] days of th[at] initial pleading." 871 F. Supp. 1444, 1446 (N.D. Ga. 1994). Because the defendant was aware of its Pennsylvania and Delaware citizenship, the plaintiffs filed suit in Georgia, and the incident giving rise to the suit occurred in Michigan, the District Court concluded that defendant "could have intelligently ascertained removability from the face of the initial pleading." *Id.* First, *Kuhn*, a decision coming out of the Eleventh Circuit, is not binding on this Court. Second, the facts are distinguishable. Because the underlying incident here occurred in California, Plaintiff's filing suit in California against an out-of-state defendant is not a "clue" as to her California citizenship.

Plaintiff also cites the Sixth Circuit's recitation of the law's rebuttable presumption that a person's residence is his domicile. *See Mason v. Lockwood, Andrews & Newman PC*, 842 F.3d 383, 390 (6th Cir. 2016). The law of domicile has no bearing here because the Complaint does not contain any facts, express or implied, to indicate that Plaintiff lives, and therefore is domiciled, in California. *See id.* Moreover, the issue in *Mason* was whether the district court properly found that, more likely than not, two-thirds of the proposed class of "residents and property owners in the City of Flint" were citizens of Michigan for purposes of the local controversy exception to federal jurisdiction under the Class Action Fairness Act ("CAFA"). *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-7695 DMG (Ex)** | Date | March 8, 2018 |
|---|---|---|---|
| Title | *Edica Paz v. Wal-Mart Stores, Inc., et al.* | Page | 3 of 3 |

at 386, 389–90.  These facts are distinguishable from those alleged here.  Further, the Sixth Circuit decision, even if relevant to the circumstances here, is not binding on this Court.

Finally, *Mondragon v. Capital One Auto Finance*, 736 F.3d 880 (9th Cir. 2013), does not support Plaintiff's position.  In *Mondragon*, the Ninth Circuit "observe[d]" the presumption of continuing domicile ("once established, a person's state of domicile continues unless rebutted with sufficient evidence of change"), but because the propriety of that presumption was not an issue before the Court, the Court declined to reach the issue.  *Id.* at 885–86.  Instead, the issue before the Court was whether the District Court properly granted the plaintiff's motion to remand, pursuant to the local controversy exception to CAFA, when the plaintiff presented no evidence in support of his local-citizenship-related argument.  *Id.* at 883.  Notably, the Ninth Circuit ruled that the District Court erred even though it was "likely" that most of the prospective class members were California citizens in light of the class definition (persons who "purchased a vehicle in California for personal use to be registered in the State of California").  *Id.* at 883–84.  Here, as explained above, the Complaint lacks any clues about Plaintiff's California citizenship or domicile.  Accordingly, *Mondragon* is inapposite.

The Court **DENIES** Plaintiff's motion to remand.

**IT IS SO ORDERED.**